IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

TRACY ADAMS, on behalf of herself and
all others similarly situated,

Case No.:

              Plaintiff,

Hon.

    v.

SETERUS, INC.,

CLASS ACTION COMPLAINT
JURY DEMAND

              Defendant.

_____/

Andrew J. McGuinness (P42074)
ANDREW J. McGUINNESS, ESQ.
122 S Main St, Suite 118
P O Box 7711
Ann Arbor, MI  48107
Phone: (734) 274-9374
drewmcg@topclasslaw.com

Scott C. Harris (NC 35328)
WHITFIELD BRYSON & MASON, LLP
900 W Morgan St
Raleigh, NC  27603
Phone: (919) 600-5000
scott@wbmllp.com
(*To be admitted*)

Edward H. Maginnis (NC 39317)
(*To be admitted*)
Karl S. Gwaltney (NC 45118)
Asa C. Edwards (NC 46000)
MAGINNIS LAW PLLC
4801 Glenwood Ave, Suite 310
Raleigh, NC  27612
Phone: (919) 526-0450
emaginnis@maginnislaw.com
kgwaltney@maginnislaw.com
aedwards@maginnislaw.com

*Counsel for Plaintiff and the Proposed Class*

_____/

**CLASS ACTION COMPLAINT**

Tracy Adams ("Plaintiff"), on behalf of herself and all others similarly situated, files this Class Action Complaint against Seterus, Inc. ("Seterus" or "Defendant"), and states:

## NATURE OF THE ACTION

1.     This is a fair debt collection practices action brought by Plaintiff on her own behalf and on behalf of others similarly situated to obtain redress from Seterus' systematic use of misleading, deceptive, unfair and unlawful debt collection practices to collect upon residential consumer mortgage loans.

2.     Specifically, Seterus sends homeowners form letters (the "Michigan Final Letter") stating that the borrowers are in default of their mortgages and that their failure immediately to make a full and complete payment of all arrearages will result in acceleration of their loan, and commencement of foreclosure proceedings.

3.     In truth, however, it has been Seterus' policy and practice not to accelerate loans, or to initiate foreclosure proceedings, in instances where there is an arrearage, so long as the borrower makes a partial payment sufficient to bring the arrearage within a set parameter.

4.     According, each of the Michigan Final Letters sent by Seterus falsely and misleadingly suggests that Seterus will accelerate the loan or commence foreclosure proceedings absent full payment, in contradiction to Seterus' actual policy not to accelerate a loan or commence foreclosure proceedings so long as any payment sufficient to bring the loan less than 45 days delinquent is made prior to the expiration date set forth in the Michigan Final Letter.

5.     The Michigan Final Letter sent by Seterus to Plaintiff and others similarly situated is a false and misleading threat of acceleration and foreclosure designed to intimidate borrowers into making payments to Seterus that are beyond their means and beyond what is necessary to avoid acceleration and save their homes from foreclosure.

6.     This case arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1962, *et seq.* ("FDCPA"), and the Michigan Regulation of Collection Practices Act, MCL § 445.251, *et seq.* ("RCPA").

7.     This class action is filed pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all persons who are members of the Class (defined below) to whom Seterus has sent or will send a Michigan Final Letter during the applicable Class Period (defined below).

## JURISIDICTION AND VENUE

8.     This Court has jurisdiction of the FDCPA claims under 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 15 U.S.C. § 1692k(d).

9.     This Court has jurisdiction of the FDCPA and the RCPA claims under the Class Action Fairness Act (CAFA), 28 U.S.C. §§ 1332(d), 1453, and 1711–1715, in that (i) the putative class contains more than 100 members; (ii) the class claims total more than $5 million; and (iii) there is minimal diversity because Seterus is a citizen of a different state than Plaintiff or at least one member of the Class, some of whom have moved in the past six years, now reside outside of Michigan and in a state in which Seterus is not domiciled.

10.    This Court also has supplemental jurisdiction of the RCPA claims under 28 U.S.C. § 1367, because these claims are so related to the federal claims over which the Court has original jurisdiction that they form part of the same case or controversy. The federal and state claims in this action share a common nucleus of operative facts, as set forth herein.

11.    Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred throughout Michigan, and because Seterus is a resident of this District for venue purposes in that its designated agent for service of process is located in Wayne County, Michigan.

## PARTIES

12.     Plaintiff is a citizen and resident of Michigan.

13.     Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

14.     Plaintiff is a "consumer" and a "debtor" as those terms are defined by MCL § 445.251(1)(d).

15.     Seterus is a corporation organized and existing under and by virtue of the laws of the State of Delaware with a principal place of business in Research Triangle Park, North Carolina.

16.     Seterus frequently acts as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), including with regard to Plaintiff's mortgage loan, in part because Seterus obtained the servicing rights while in a state of default.

17.     As set forth below, the principal business of Seterus is the collection debts.

18.     Seterus is a "regulated person" as defined by the RCPA, MCL § 445.251(g).

19.     Seterus is regularly engaged in the business of collecting debt in the State of Michigan. Its employees, affiliates, directors, agents, and attorneys act under the direction and supervision of Seterus and, therefore, Seterus is directly and/or indirectly or vicariously liable for the actions of its employees, affiliates, directors, agents, and attorneys under, *inter alia*, the theory of *respondeat superior*.

## FACTUAL ALLEGATIONS

20.     Plaintiff is an owner of a residential home located at 8890 Burlingame Avenue, Southwest in Byron Center, Michigan.

21.     This home is secured by a mortgage owned, backed, or controlled by Federal National Mortgage Association ("Fannie Mae") that is serviced by Seterus.

22.     Plaintiff's Fannie Mae home mortgage loan represents an obligation for the

4

payment of money arising out of an express contract for a purchase made primarily for personal, family, or household purposes, to wit her residence.

23.     Seterus is a servicer of mortgages for residential housing loans owned, backed, or controlled by Fannie Mae.

24.     As a mortgage servicer, Seterus contracts with Fannie Mae to collect payments, fees, and other amounts owed by the home owner and to provide other "services" to investors relating to the home owner's loan.

25.     Seterus regularly threatens and/or initiates foreclosure proceedings against home loan mortgagors in Michigan and elsewhere.

26.     Upon information and belief, Seterus earns money based upon a percentage of the funds that it collects from consumers' mortgage payments as well as through the assessment of late fees and other penalties.

27.     Prior to February 1, 2014, CitiMortgage, Inc., serviced Plaintiff's mortgage loan.

28.     Plaintiff's mortgage loan is governed by a promissory note (the "Note") that defines "default" as failure to "pay the full amount of each monthly payment on the date it is due . . . ."

29.     Plaintiff's loan was in default when transferred to Seterus for servicing on or about August 7, 2015.

### The Scope of Seterus' Collection Activities

30.     Seterus is not a bank and does not lend money to purchasers for home loans.

31.     Seterus is not owned or controlled by a bank, corporation or association engaged in accounting, bookkeeping, or data processing services where a primary component of such services is the rendering of statements of accounts and bookkeeping servicers for creditors.

32.     Upon information and belief, Seterus services hundreds of thousands of loans

throughout the United States.

33. Because Seterus does not originate home mortgage loans, it only becomes involved with homeowners by acquiring the servicing rights to their mortgage loans as part of a portfolio of loans from Fannie Mae, or if Fannie Mae or other entity assigns or transfers the servicing rights to Seterus of a portfolio of loans from another servicer.

34. Many of the loans, if not the majority of the loans, contained in loan portfolios whose servicing rights are acquired by Seterus are in default at the time of transfer.

35. On information and belief, Seterus has serviced at any given time a minimum 25,000 residential mortgage loans in Michigan over the Class Period.

36. While the total number of residential loans serviced by Seterus in Michigan at any given time is believed to exceed 25,000, the total number of residential mortgage loans serviced by Seterus in Michigan over the Class Period is substantially higher because of turnover.

37. On information and belief, Seterus has serviced at least 155,000 residential mortgages loans in Michigan over the Class Period.

38. On information and belief, when loans for Michigan homeowners became more than 45 days delinquent over the Class Period, Seterus sent each mortgagor the Michigan Final Letter.

39. Taken as a group, there are more mortgagors than there are notes/mortgages associated with residential mortgage loans in Michigan.

40. Home loan notes are not infrequently signed by one spouse, whereas both spouses are required to sign the mortgage due to rights of dowager in Michigan and other legal requirements.

41. Seterus continues to send a version of the Michigan Final Letter to Michigan

homeowners whose loans become more than 45 days delinquent.

42.     Of the 155,000 or more residential mortgage loans serviced by Seterus in Michigan during over the Class Period, on information and belief approximately 66% of the associated real estate properties are jointly owned by married couples, based on general industry data.

43.     A conservative estimate of the number of *persons* whose residential mortgage loans were serviced by Seterus in Michigan over the past six years exceeds 257,300 (not inclusive of residential properties jointly owned by unmarried persons) (155,000 x .66 = 102,300; 155,000 + 102,300 = 257,300).

44.     Seterus is a "specialty" mortgage servicer that primarily services high risk portfolios owned or backed or otherwise controlled by Fannie Mae or other entities. Seterus' specialty is servicing residential mortgage loans that are in default or at an increased risk of default.

45.     Accordingly, a high percentage of the residential mortgage loans serviced by Seterus experience one or more payment delinquencies of 45 days or more.

46.     On information and belief, substantially more than 25,000 of the over 257,300 homeowners whose mortgage loans have been serviced by Seterus in Michigan over the Class Period are putative members of the Class.

### Seterus' Violations of Federal and State Debt Collection
### Statues Vis-à-Vis Plaintiff and the Class

47.     Attached as Exhibits A-G are true and correct copies of Michigan Final Letters sent by Seterus to Plaintiff, who received and read them.[1]

48.     Upon information and belief, Exhibits A-G are substantially the same form of letter

---

[1] These exhibits are examples of the Michigan Final Letters sent to Class members. "Michigan Final Letters" includes all form letters sent by Seterus during the Class Period that contain the passages alleged to violate the FDCPA and the RCPA in the ways alleged in this Class Action Complaint.

sent to all borrowers in Michigan who are more than 45 days delinquent on a loan that Seterus services.

49.     Seterus' correspondence to Plaintiff as set forth herein as Exhibits A-G and similar form letters to Class members expressly states "THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR" (emphasis in original).

50.     The Michigan Final Letter specifically states:

> If full payment of the default amount is not received by us . . . on or before the Expiration Date, *we will accelerate the maturity date of your loan* and upon such acceleration the ENTIRE indebtedness of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and owing.

*Id*. (emphasis added).

51.     The Michigan Final Letter further states:

> If you send only a partial payment, the loan still will be in default and we may keep the payment *and still will accelerate the maturity date*.

*Id.* (emphasis added).

52.     Seterus has contractual obligations to provide notices to mortgagors like Plaintiff of the occurrence of a deficiency qualifying as a default.

53.     Rather than simply providing notice, Seterus instead utilizes the Michigan Final Letters to make false, misleading, and overbroad threats to accelerate the note and to commence foreclosure proceedings.

**Seterus' Actual Corporate Policy and Practice**

54.     The Michigan Final Letters create a false sense of urgency by threatening to accelerate the entire indebtedness of a consumer's loan if "full payment of the default amount is not received . . . on or before the Expiration Date," when Seterus' actual policy, attested to in sworn testimony by a company officer, is to not accelerate loans that are less than 45 days

delinquent.

55.     On July 19, 2016, Seterus' testimony was taken in <u>Hager v. Seterus, Inc.</u>, 1:15-cv-222 (W.D.N.C.), pursuant to a 30(b)(6) Notice of Deposition.

56.     Seterus designated Achsah Jacob, a "legal mediation officer," to testify on its behalf in response to the 30(b)(6) notice.

57.     During Seterus' 30(b)(6) deposition, Achsah Jacob testified as follows:

Q.     My understanding of your testimony just now is that if Seterus receives a payment in response to an NC Final, then the debt is no longer 45 days due and so that's sufficient to hold off the acceleration process?

Q.     Okay. And is that -- is that Seterus' policy just with regard to North Carolina?

A.     Seterus' policy for the loans where we are accepting payments and we're able to apply full contractual payment to the loan.

Q.     Okay. So in response to a letter like Exhibit 11 [a Seterus North Carolina Final Letter], Seterus' policy, if they're accepting payments, is if they receive an amount equal to a normal monthly payment, they will not accelerate the debt?

A.     As long as, right, it brings the loan less than 45 days due.

Q.     Okay. Where does it say that in this letter that if you make one payment or enough such that one payment is recorded, we won't do this, or does it say that?

A.     Well, the expiration date provides really the -- the timeline where the customer needs to make some sort of payment so that the 45 days are not past due.

Q.     Not some sort of payment, $3,204.72, that's what it says, right?

A.     Yes. And we're allowing the customer, we're also -- yes. We would like the $3,204.72. But our objective is not to foreclose on our customers. Our objective is to be able to take -- even if it's a partial payment, if where -- if 'in the bucket where a partial payment can be made, our objective is to collect that payment to help them stay in their house. Because them making payments, staying in their house helps us in our business as well. Foreclosing on them is really not, you know, helpful to us nor to them.

Q.     Yeah.

A.     And so therefore, this letter is sent out per the guidelines that are outlined and we allow the customer -- we allow the customer to make that partial payment. And then when a full -- if a partial payment does not equal the contractual payment, then your

> -- then this letter still -- still stands. But because a contractual payment is able to be applied to the loan account, then we don't have to continue with the -- this letter.

[Seterus Dep. at pp. 177:11-180:10].

58.     On information and belief, the Seterus North Carolina Final Letters and the Michigan Final Letters are substantially similar, and Seterus' debt collection practices and policies with respect to both North Carolina and Michigan residential mortgage loans are substantially similar.

59.     According to Achsah Jacob, Seterus does not accelerate borrowers' loans and proceed to foreclosure even if the borrower fails to make a full payment equal to the default amount or amount due listed in the North Carolina Final Letter and fails to make any additional payments that come due during the notice period.

60.     Seterus does not customarily accelerate loans under the terms threatened by its Michigan Final Letter if homeowners make a partial payment.

61.     The Michigan Final Letters misrepresent the conditions under which Seterus intends to accelerate loans and deceive consumers into believing their loans will be accelerated if they fail to fully cure their default prior to the "expiration date."

62.     The Michigan Final Letters cause the least sophisticated consumers to believe that they will lose their homes if *all* arrearages to Seterus are not paid by the stated expiration date; which is not true.

63.     The Michigan Final Letters cause the least sophisticated consumers to believe that they will lose their homes if they do not bring their loan current by the stated expiration date; which is not true.

64.     The Michigan Final Letters misrepresent Seterus' intentions and present homeowners with a false ultimatum that they must satisfy all arrearages within the deadline or face

10

acceleration and immediate commencement of foreclosure proceedings.

65.    The Michigan Final Letters were materially misleading in that they threatened homeowners with acceleration and foreclosure when Seterus had neither the present intent, nor the present ability, to undertake such actions.

66.    The false or misleading threats of acceleration and foreclosure contained within the Michigan Final Letter are clearly designed to scare and intimidate homeowners into paying all delinquent amounts, even if such payment is not required to avoid acceleration or the commencement of foreclosure proceedings.

67.    The false or misleading threats of acceleration and foreclosure contained within the Michigan Final Letter have the potential of causing individuals to send additional money to Seterus that, absent the false and misleading statements, they could have utilized on other necessary expenditures, including food and utility payments.

68.    The misleading threats of acceleration and foreclosure make it impossible for the least sophisticated consumer to make a rational decision in response to the Michigan Final Letter because it threatens immediate, irreversible consequences.

69.    The misleading threats of acceleration and foreclosure are designed to scare homeowners into making payments they otherwise may not make.

70.    Upon information and belief, Seterus willfully crafted the Michigan Final Letter in such a way to frighten and intimidate consumers into paying money to Seterus in violation of federal and Michigan fair debt collection statutes.

71.    By misrepresenting Seterus' actual policies and practices, the Michigan Final Letter deprived Michigan homeowners of accurate, non-misleading information upon which they could choose the best course of conduct for their individual financial and family situations.

72.     Accordingly, the Michigan Final Letters threaten action not actually intended to be taken by Seterus in the ordinary course of business where the borrower makes a partial payment, and constitute unfair threats, coercion, or attempts to coerce payments from consumers in violation of the FDCPA and the RCPA.

73.     Upon information and belief, Seterus uses substantially identical language in all of its Michigan Final Letters that are sent to Michigan homeowners whose mortgage loans are in default.

74.     Plaintiff has received numerous Michigan Final Letters substantially identical to Exhibits A-G.

75.     Upon information and belief, each Class member has received one or more Michigan Final Letters within the applicable statutes of limitations.

76.     Each Michigan Final Letter constitutes a separate violation of the FDCPA and/or the RCPA in that, *inter alia,* the Michigan Final Letter threatens to take action not taken by Seterus in the ordinary course of business and that it did not intend to take.

77.     As a result of the foregoing, Plaintiff has experienced anxiety, stress, anger, frustration, and mental anguish.

**Seterus' Form Letters Misstate Michigan Foreclosure by Advertisement Law**

78.     In each of the Michigan Foreclosure Letters, Seterus made the following representation:

> You have . . . the right to bring a court action *or assert in the foreclosure proceedings the nonexistence of a default or any other defense to acceleration and sale*.

*See, e.g.,* Exhibit A at 2 (emphasis added).

79.     The vast majority of foreclosures in Michigan initiated by Seterus or law firms

retained by Seterus as its agents are and have been throughout the Class Period processed under Michigan's Foreclosure by Advertisement Statute, M.C.L. § 600.3201 *et seq.*

80.     On information and belief, over 95% of foreclosures in Michigan initiated by Seterus or its agents over the Class Period have been foreclosure by advertisement proceedings.

81.     In Michigan foreclosure by advertisement proceedings, mortgagors cannot assert the nonexistence of a default as a defense to acceleration.

82.     In Michigan foreclosure by advertisement proceedings, mortgagors cannot assert the nonexistence of a default as a defense to the sheriff's sale.

83.     In Michigan foreclosure by advertisement proceedings, mortgagors cannot assert the any other defense to acceleration.

84.     In Michigan foreclosure by advertisement proceedings, mortgagors cannot assert any other defense as a defense to the sheriff's sale.

85.     The representations that debtors can assert lack of default or other defenses in foreclosure by advertisement proceedings is material, in that they communicate that such defenses can be asserted in those proceedings when they cannot. They therefore tend to lead homeowners to believe that they will be given an opportunity to raise such defenses in these proceedings before or after the sheriff's sale. These false, deceptive, and misleading representations risk inducing homeowners into inaction or delay in asserting possible defenses, such that they may wrongfully lose their homes as a result.

### Defendant's Violations Are Willful

86.     As an acknowledged debt collector subject to the FDCPA and various parallel state fair debt collection laws, including the RCPA, Seterus and its officers, managers, and employees are aware that these fair debt statutes forbid threatening to take action that the debt collector does

not intend to take, and from making false or misleading statements to debtors.

87.     Seterus purposely crafted the Michigan Final Letter to threaten action that Seterus knew, based on its own corporate policy and practice as alleged herein, it did not intend to take.

88.     In so doing, Seterus and its agents, officers, managers, and employees willfully violated federal and state fair debt collection practices statutes, including without limitation the RCPA.

89.     Michigan's Foreclosure by Advertisement statute has been in existence for decades. Seterus could readily have ascertained that the assertion of non-default or other defenses are not available to avoid acceleration or Sheriff's sale in these proceedings. Indeed, this fact is widely known.

90.     The risk of the Seterus' Michigan Final Letters violating the FDCPA and the RCPA was and is more than merely careless.

## CLASS ALLEGATIONS

91.     Pursuant to Federal Rules of Civil Procedure 23, Plaintiff brings this action on behalf of a Class defined as follows:

> All Michigan residential mortgagors to whom Seterus sent a letter substantially similar to the Michigan Final Letters attached as Exhibits A-G to this Class Action Complaint, in that the letter warned of immediate acceleration of the home loan and/or commencement of foreclosure proceedings upon less than full payment of the "amount due" or "default amount," dated within six years preceding the date of filing of this Class Action Complaint.

Excluded from the Class are officers, directors, and managers of Seterus; the Court; and staff of the judicial officer(s) assigned to this action.

92.     The Class as defined above shall be for a period commencing six years before the filing of this Class Action Complaint and ending on the last day of trial or, in the event of a class settlement, ending on the date of entry of an order preliminary approving such class settlement,

14

whichever is later (the "Class Period").

**FDCPA Subclass**

93.     Pursuant to Federal Rule of Civil Procedure 23(c)(5), Plaintiff seeks certification

of a subclass for the FDCPA claim (the "FDCPA Subclass" or "Subclass"), as follows:

> All Michigan residential mortgagors whose mortgage servicing was transferred to
> Seterus while in a state of default, to whom Seterus sent a letter substantially similar
> to the Michigan Final Letters attached as Exhibits A-G to this Class Action
> Complaint, in that the letter warned of immediate acceleration of the loan and/or
> commencement of foreclosure proceedings, upon less than full payment of the
> "amount due" or "default amount," dated within one year preceding the date of
> filing of this Class Action Complaint.

Excluded from the Class are officers, directors, and managers of Seterus; the Court; and staff of

the judicial officer(s) assigned to this action.

94.     The FDCPA Subclass shall be for a period commencing one year preceding the

filing of this Class Action Complaint and ending on the last day of trial or, in the event of a class

settlement, ending on the date of entry of an order preliminary approving such class settlement,

whichever is later (the "Subclass Period")

95.     *Numerosity*: Upon information and belief, the Class and the Subclass each contain

several thousand members, based upon an analysis of the volume of Seterus' mortgage default

servicing activity nationwide and in Michigan.

96.     The size of the Class and of the Subclass are each so numerous that joinder of all

members would be impracticable.

97.     *Commonality*: Several common questions of law or fact pertaining to claims of the

Class and of the Subclass are presented in this action, including without limitation:

> o  Were Seterus' communications seeking to collect amounts it claimed were in
>    default on home mortgages a form of "debt collection" under the FDCPA?
>
> o  Is Seterus a "debt collector" as that term is defined by the FDCPA, 15 U.S.C.
>    § 1692(a)(6), when it communicates with homeowners whose mortgage servicing

rights it acquired after default?

o   What were Seterus' policies and practices concerning acceleration of defaulted loans upon receipt of a partial payment?

o   What were Seterus' policies and practices concerning the commencement of foreclosure proceedings against homeowners who made a partial payment of the "amount due" or "default amount" as described in Seterus' Michigan Final Letter?

o   Does the Michigan Final Letter violate the FDCPA in one or more of the ways alleged? and

o   Does the Michigan Final Letter violate the RCPA in one or more of the ways alleged?

98.     *Typicality*: The claims of Plaintiff are typical of the claims of the Class and the Subclass and all are based on the same facts and legal theories, as all such claims arise out of the complained-of Seterus' conduct.

99.     *Adequate Representation:* Plaintiff is an adequate representative of the Class and the Subclass in that she is a member of each and does not have antagonistic or conflicting claims with other Class and Subclass members.

100.     Plaintiff has also retained counsel experienced in the prosecution of complex class actions, specifically including fair debt class actions involving mortgages.

101.     Neither Plaintiff nor her counsel have any interests that might cause them not to vigorously pursue this action. Plaintiff is aware of her responsibilities as class representative and has accepted such responsibilities.

102.     *Injunctive or Declaratory Relief*. The grant of injunctive or declaratory relief is appropriate under Federal Rule of Civil Procedure 23(b)(2) because Seterus has acted and continues to act in violation of federal and state debt collection law with respect to all Michigan homeowners whose mortgages it services.

103.     Seterus has acted and refused to act on grounds generally applicable to the Class making final injunctive and declaratory relief appropriate.

16

104. *Predominance*: Under Federal Rule of Civil Procedure 23(b)(3), the common questions of law and fact listed above, and others, predominate over any individual issues that may be presented. Seterus has sought to and continues to attempt to collect amounts it claims are due under defaulted home loan in Michigan using form letters, and its policies and practices regarding partial payments were and are consistently applied to all homeowners.

105. *Superiority*: Under Federal Rule of Civil Procedure 23(b)(3), the Class and the Subclass are appropriate for certification because a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

106. Actual tangible damages are possible but relatively unlikely based upon the violations alleged, and the statutory damages sought on behalf of Class members are small, such that individual Class members could not economically pursue individual actions.

107. Absent a class, Class members would be unlikely to receive any recovery. Accordingly, individual Class members do not have an interest in controlling the prosecution of separate actions. Plaintiff's counsel anticipate no undue difficulties in the management of this action on a class basis.

108. Alternatively, absent class certification, courts throughout Michigan may be confronted with a multiplicity of lawsuits, which would unnecessarily burden the courts while also creating the risk of inconsistent rulings and contradictory judgments.

## FIRST CAUSE OF ACTION
**(Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*)**

109. The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

110. Seterus is a "debt collector," as defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

111. Seterus is a debt collector in servicing Plaintiff's mortgage because her loan was in

default at the time Seterus obtained the servicing rights.

112.    Plaintiff and all members of the Subclass are "consumers," as defined by the FDCPA, 15 U.S.C. § 1692(a)(3), since they are natural persons allegedly obligated to pay a consumer debt.

113.    At all material times, Plaintiff's debt and the debts of the Subclass members were "debt," as defined by the FDCPA, 15 U.S.C. § 1692(a)(5).

114.    Dunning letters such as those attached as Exhibits A-G hereto are to be evaluated by the objective "least sophisticated consumer" standard.

115.    FDCPA 15 U.S.C. § 1692(e) states in part:

A debt collector may not use false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
. . .
(2)    The false representation of—

        (A) the character, amount, or legal status of any debt . . . .
. . .
(5)    The threat to take any action that cannot legally be taken or that is not intended to be taken. [or]
. . .
(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

116.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it used false representations and deceptive means to collect or attempt to collect the Debt; threatened action it did not intend to take; and/or threatened to take action that it could not legally take.

117.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes.

118.    Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e) in that it

falsely represented its intention to accelerate and foreclose on Plaintiff's home in an effort to induce the payment of additional funds.

119. Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it misrepresented its intentions and presented Plaintiff and other consumers with a false ultimatum that they must pay all arrearages within the false deadline identified in the Michigan Final Letters, or face immediate acceleration and initiation of foreclosure proceedings.

120. Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e), in that it has threatened to take action, including acceleration and foreclosure, when it had no intention of taking such measures under the terms threatened in its Michigan Final Letter.

121. Seterus' violations of 15 U.S.C. § 1692(e) were material, *inter alia*, because the Michigan Final Letter mislead consumers about information necessary to permit them to determine their best course of conduct; created a substantial risk of causing homeowners to make less than optimal decisions in managing their finances; and increased and foreseeably increase the anxiety of homeowners regarding the risk of immediate acceleration or commencement of foreclosure proceedings.

122. Moreover, Congress has expressly determined that Seterus' violations are material by specifically designating that threats to take actions that the debt collector does not intend to take are an unfair collection practice and a violation of the FDCPA.

123. Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e) by using false representations and deceptive means, including false threats of acceleration and commencement of foreclosure proceedings, and the Michigan Final Letters are therefore illegal.

124. Seterus has attempted to collect debt in violation of 15 U.S.C. § 1692(e) in that the Michigan Final Letters falsely represented that debtors could (and can) assert lack of default and

other defenses to acceleration and sale in foreclosure by advertisement proceedings in Michigan.

125.    As a result of Seterus' unlawful attempts to collect debt, Plaintiff and the FDCPA Subclass Members are entitled to statutory damages, as well as their reasonable attorneys' fees.

**SECOND CAUSE OF ACTION**
**(Violations of the Michigan Regulation of Collection Practices Act, MCL § 445.252, *et seq.*)**

126.    The foregoing allegations are hereby reincorporated by reference as if fully restated herein.

127.    Seterus is a regulated person under MCL § 445.251(g).

128.    Plaintiff and the Class are "consumers" and "debtors" as those terms are defined by MCL § 445.251(d).

129.    MCL § 445.252(a) prohibits regulated persons from communicating with a debtor in a misleading or deceptive manner.

130.    MCL § 445.252(e) prohibits regulated persons from making inaccurate, misleading, untrue, or deceptive statements or claims in a communication to collect a debt.

131.    MCL § 445.252(f) prohibits regulated persons from misrepresenting in a communication with a debtor any of the following: (i) the legal status of a legal action being taken or threatened; (ii) the legal rights of the creditor or debtor; (iii) that the nonpayment of a debt will result in the debtor's arrest or imprisonment, or the seizure, garnishment, attachment, or sale of the debtor's property.

132.    Seterus has attempted to collect debt in violation of MCL § 445.252 from Plaintiff and the Class as described above in that, *inter alia*, it has falsely represented that failure to immediately and completely satisfy *all* arrearages would result in acceleration of their loan, in contravention of Seterus' specific intentions and ordinary practices.

133.    Seterus has attempted to collect debts in violation of MCL § 445.252(a) & (e)-(f)

from Plaintiff and the Class, in that it used misleading and deceptive means to collect or attempt to collect the debt; threatened action it did not intend to take; and threatened to take action that it could not legally take.

134.    Seterus has attempted to collect debts in violation of MCL § 445.252(a) & (e)-(f) from Plaintiff and the Class, using the Michigan Final Letter, which is an illegal communication under the FDCPA as alleged above.

135.    Seterus has attempted to collect debt in violation of MCL § 445.252(a) & (e)-(f) from Plaintiff and the Class, in that it unfairly utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, in order to continue to own their homes.

136.    Seterus has attempted to collect debt in violation of MCL § 445.252(a) & (e)-(f) from Plaintiff and the Class, in that it utilized false threats and misleading representations regarding the amounts that consumers must pay, and when they must pay it, for the sole purpose of coercing additional payments.

137.    Seterus has attempted to collect debt in violation of MCL § 445.252(a) & (e)-(f) from Plaintiff and the Class, in that it falsely represented its intention to accelerate and foreclose on Plaintiff's home in an effort to induce the payment of additional funds.

138.    Seterus has attempted to collect debt in violation of MCL § 445.252(a) & (e)-(f) from Plaintiff and the Class, in that it misrepresented its intentions and presented Plaintiff and other consumers with a false ultimatum that they must satisfy all arrearages within the false deadline identified in the Michigan Final Letters, or face acceleration and ultimately foreclosure.

139.    Seterus has attempted to collect debt in violation of MCL § 445.252(a) & (e)-(f) from Plaintiff and the Class, in that it has threatened to take action, including acceleration and

foreclosure, when it had no intention of taking such measures.

140.    Seterus has attempted to collect debt in violation of MCL § 445.252(a) & (e)-(f) from Plaintiff and the Class, in that it has threatened to take action, including acceleration and foreclosure, when such actions are not taken in the usual course of business.

141.    Seterus has attempted to collect debt in violation of MCL § 445.252(a) & (e)-(f) from Plaintiff and the Class, by using unfair threats and coercion, including empty threats of acceleration and foreclosure.

142.    Seterus has attempted to collect debt in violation of MCL § 445.252(a) & (e)-(f) from Plaintiff and the Class, by misrepresenting in the Michigan Final Letters the legal rights of debtors in foreclosure by advertisement proceedings.

143.    Seterus has attempted to collect debt in violation of MCL § 445.252(a) & (e)-(f) from Plaintiff and the Class, by misrepresenting in the Michigan Final Letters the legal status of the foreclosure by advertisement proceedings that Seterus was threatening.

144.    Seterus has violated MCL § 445.252(q) by failing to implement procedures designed to prevent the violations alleged herein by its employees.

145.    Plaintiff and the Class have suffered injury, loss or damages by the use of a method, act, or practice by Seterus in violation of the RCPA.

146.    In particular, Plaintiff and the Class have had their rights to be free from receipt of false, deceptive, or misleading communications in connection with the collection of a debt.

147.    Seterus or others have collected money from Plaintiff and the Class by the use of a method, act, or practice by Seterus in violation of the RCPA.

148.    Seterus' violations of the RCPA as alleged herein were and are willful.

149.    As result of Seterus' violations of the RCPA as alleged herein, Plaintiff and the

Class are entitled to recover statutory damages—including civil fines—from Seterus of $200 per Class member pursuant to MCL § 445.257 (1) & (2).

150.    Plaintiff and the Class are also entitled to recover their reasonable attorneys' fees and costs as provided for in MCL § 445.257(2).

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Tracy Adams and all others similarly situated pray the Court for judgment as set forth below:

1.    Certifying this action as a class action as provided by Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure, appointing Plaintiff as a class representative, and appointing the undersigned as Class counsel;

2.    Declaring that Seterus has violated the FDCPA and the RCPA in the ways alleged in this Class Action Complaint;

3.    Enjoining further violations of these statutes by Seterus and its agents and employees;

4.    Awarding Plaintiff and the Class statutory damages for all causes of action, including civil fines for willful violation of the RCPA;

5.    Awarding Plaintiff and the Class their reasonable attorneys' fees and costs incurred pursuant to the FDCPA and the RCPA;

6.    Ordering that the costs of this action be taxed to Seterus; and

7.    Providing such other and further relief as the Court deems just and proper.

Dated:  August 31, 2018

Respectfully submitted,

Andrew J. McGuinness (P42074)
ANDREW J. MCGUINNESS, ESQ.
122 S Main St, Suite 118
Ann Arbor, MI  48107
Tel: (734) 274-9374
Fax: (734) 786-9935
drewmcg@topclasslaw.com

Scott C. Harris (NC 35328)
WHITFIELD BRYSON & MASON, LLP
900 W Morgan St
Raleigh, NC  27603
Phone: (919) 600-5000
Fax: (919) 600-5035
scott@wbmllp.com
(*To be admitted*)

Edward H. Maginnis (NC 39317)
(*To be admitted*)
Karl S. Gwaltney (NC 45118)
Asa C. Edwards (NC 46000)
MAGINNIS LAW PLLC
4801 Glenwood Ave, Suite 310
Raleigh, NC  27612
Phone: (919) 526-0450
Fax: (919) 882-8763
emaginnis@maginnislaw.com
kgwaltney@maginnislaw.com
aedwards@maginnislaw.com

*Counsel for Plaintiff and the Proposed Class*

# EXHIBIT A



**seterus**™

PO Box 1077; Hartford, CT 06143-1077

**Business Hours (Pacific Time)**
Monday-Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

**Physical Address**
14523 SW Millikan Way; Suite 200; Beaverton, OR 97005

**Payments**
PO Box 54420; Los Angeles, CA 90054-0420

**Correspondence, Inquiries, and Notices**
PO Box 1077; Hartford, CT 06143-1077

Phone: 866.570.5277
Fax: 866.578.5277
www.seterus.com

*L115AQ.1*

ADAMS, TRACY E
8890 BURLINGAME AVE SW
BYRON CENTER, MI 49315



September 15, 2017
Loan number: ▮▮▮7514
Serviced by Seterus, Inc.

RE: 8890 BURLINGAME AVE SW
BYRON CENTER, MI 49315-9335

Your loan is in default, due to the non-payment of the following amount:

Amount Due:    $2,195.88
Amount Due By:  October 20, 2017  ("Expiration Date")

We hereby demand that you bring your loan up to date ("cure this default") by payment of the amount due stated above. In addition, your regular payment may become due by the Expiration Date. The amount quoted may increase due to future installments that become due and/or fees that may be assessed.

If full payment of the default amount is not received by us in the form of a certified check, cashier's check, or money order on or before October 20, 2017, we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

Failure to cure the default on or before October 20, 2017 may result in acceleration of the sums secured by the mortgage and may result in the sale of the premises. If you send only a partial payment, the loan still will be in default. Additionally, we will keep the payment and may accelerate the maturity date.

IF THE DEFAULT IS NOT CURED ON OR BEFORE THE EXPIRATION DATE, THE LOAN OWNER AND WE INTEND TO ENFORCE THE LOAN OWNER'S RIGHTS AND REMEDIES AND MAY PROCEED WITHOUT

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT. THIS NOTICE IS BEING FURNISHED FOR YOUR INFORMATION AND TO COMPLY WITH APPLICABLE LAWS AND REGULATIONS. IF YOU RECEIVE OR HAVE RECEIVED A DISCHARGE OF THIS DEBT THAT IS NOT REAFFIRMED IN A BANKRUPTCY PROCEEDING, YOU WILL NOT BE PERSONALLY RESPONSIBLE FOR THE DEBT. **COLORADO:** SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT. Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 250, Lakewood, CO 80228. The office's phone number is 888.738.5576. **NEW YORK CITY:** 1411669, 1411665, 1411662. **TENNESSEE:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Seterus, Inc. is licensed to do business at 14523 SW Millikan Way, Beaverton, OR 97005.

ADAMS, TRACY E
September 15, 2017
Loan number: ███7514

FURTHER NOTICE TO COMMENCE FORECLOSURE PROCEEDINGS. FORECLOSURE PROCEEDINGS WILL
NOT BE COMMENCED UNLESS AND UNTIL ALLOWED BY APPLICABLE LAW. ADDITIONAL FEES SUCH AS
FORECLOSURE COSTS AND LEGAL FEES MAY BE ADDED PURSUANT TO THE TERMS OF THE LOAN
DOCUMENTS.

Nothing contained in this letter or in any other communication regarding the loan shall modify or waive
any term or provision of the loan.  The status of your loan may be reported to credit reporting agencies.

You have the right to reinstate your loan after acceleration and the right to bring a court action or assert
in the foreclosure proceedings the nonexistence of a default or any other defense to acceleration and
sale. If you reinstate your loan after acceleration, the loan no longer will be immediately due in full.

If you have any questions, please contact us at 866.570.5277.  For borrowers having difficulty making
their payments, we have loan specialists available Monday-Thursday 5 a.m. to 9 p.m., Friday 5 a.m. to 6
p.m., and Saturday 9 a.m. to 12 p.m. (Pacific time). Saturday hours may vary.

Sincerely,


Seterus, Inc.

Enclosure(s):  SCRA Notice


IMPORTANT NOTE(S):
This letter does not impact any loss mitigation offers that you may have recently received; you can
still choose to accept that offer by responding as directed in that offer.

# EXHIBIT B



PO Box 1077; Hartford, CT 06143-1077

**Business Hours (Pacific Time)**
Monday-Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

**Physical Address**
14523 SW Millikan Way; Suite 200; Beaverton, OR 97005

**Payments**
PO Box 54420; Los Angeles, CA 90054-0420

**Correspondence, Inquiries, and Notices**
PO Box 1077; Hartford, CT 06143-1077

Phone: 866.570.5277
Fax: 866.578.5277
www.seterus.com

L115AQ.1

ADAMS, TRACY E
8890 BURLINGAME AVE SW
BYRON CENTER, MI 49315



October 16, 2017
Loan number: ███████7514
Serviced by Seterus, Inc.

RE: 8890 BURLINGAME AVE SW
BYRON CENTER, MI 49315-9335

Your loan is in default, due to the non-payment of the following amount:

Amount Due:     $2,203.82
Amount Due By:  November 20, 2017  ("Expiration Date")

We hereby demand that you bring your loan up to date ("cure this default") by payment of the amount due stated above. In addition, your regular payment may become due by the Expiration Date. The amount quoted may increase due to future installments that become due and/or fees that may be assessed.

If full payment of the default amount is not received by us in the form of a certified check, cashier's check, or money order on or before November 20, 2017, we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

Failure to cure the default on or before November 20, 2017 may result in acceleration of the sums secured by the mortgage and may result in the sale of the premises. If you send only a partial payment, the loan still will be in default. Additionally, we will keep the payment and may accelerate the maturity date.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT. THIS NOTICE IS BEING FURNISHED FOR YOUR INFORMATION AND TO COMPLY WITH APPLICABLE LAWS AND REGULATIONS. IF YOU RECEIVE OR HAVE RECEIVED A DISCHARGE OF THIS DEBT THAT IS NOT REAFFIRMED IN A BANKRUPTCY PROCEEDING, YOU WILL NOT BE PERSONALLY RESPONSIBLE FOR THE DEBT. **COLORADO:** SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT. Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 250, Lakewood, CO 80228. The office's phone number is 888.738.5576. **NEW YORK CITY:** 1411669, 1411665, 1411662. **TENNESSEE:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Seterus, Inc. is licensed to do business at 14523 SW Millikan Way, Beaverton, OR 97005.

ADAMS, TRACY E
October 16, 2017
Loan number: ▮▮▮/514

IF THE DEFAULT IS NOT CURED ON OR BEFORE THE EXPIRATION DATE, THE LOAN OWNER AND WE INTEND TO ENFORCE THE LOAN OWNER'S RIGHTS AND REMEDIES AND MAY PROCEED WITHOUT FURTHER NOTICE TO COMMENCE FORECLOSURE PROCEEDINGS. FORECLOSURE PROCEEDINGS WILL NOT BE COMMENCED UNLESS AND UNTIL ALLOWED BY APPLICABLE LAW. ADDITIONAL FEES SUCH AS FORECLOSURE COSTS AND LEGAL FEES MAY BE ADDED PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.

Nothing contained in this letter or in any other communication regarding the loan shall modify or waive any term or provision of the loan. The status of your loan may be reported to credit reporting agencies.

You have the right to reinstate your loan after acceleration and the right to bring a court action or assert in the foreclosure proceedings the nonexistence of a default or any other defense to acceleration and sale. If you reinstate your loan after acceleration, the loan no longer will be immediately due in full.

If you have any questions, please contact us at 866.570.5277. For borrowers having difficulty making their payments, we have loan specialists available Monday-Thursday 5 a.m. to 9 p.m., Friday 5 a.m. to 6 p.m., and Saturday 9 a.m. to 12 p.m. (Pacific time). Saturday hours may vary.

Sincerely,


Seterus, Inc.

Enclosure(s): SCRA Notice


IMPORTANT NOTE(S):
**This letter does not impact any loss mitigation offers that you may have recently received; you can still choose to accept that offer by responding as directed in that offer.**

# EXHIBIT C



**seterus**™

PO Box 1077; Hartford, CT 06143-1077

**Business Hours (Pacific Time)**
Monday–Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

**Physical Address**
14523 SW Millikan Way; Suite 200; Beaverton, OR 97005

**Payments**
PO Box 54420; Los Angeles, CA 90054-0420

**Correspondence, Inquiries, and Notices**
PO Box 1077; Hartford, CT 06143-1077

Phone: 866.570.5277
Fax: 866.578.5277
www.seterus.com

L115AQ.1

ADAMS, TRACY E
8890 BURLINGAME AVE SW
BYRON CENTER, MI 49315



November 7, 2017
Loan number:▮▮▮▮7514
Serviced by Seterus, Inc.

RE: 8890 BURLINGAME AVE SW
    BYRON CENTER, MI 49315-9335

Your loan is in default, due to the non-payment of the following amount:

    Amount Due:     $3,313.46
    Amount Due By:  December 12, 2017  ("Expiration Date")

We hereby demand that you bring your loan up to date ("cure this default") by payment of the amount due stated above. In addition, your regular payment may become due by the Expiration Date. The amount quoted may increase due to future installments that become due and/or fees that may be assessed.

If full payment of the default amount is not received by us in the form of a certified check, cashier's check, or money order on or before December 12, 2017, we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

Failure to cure the default on or before December 12, 2017 may result in acceleration of the sums secured by the mortgage and may result in the sale of the premises. If you send only a partial payment, the loan still will be in default. Additionally, we will keep the payment and may accelerate the maturity date.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT. THIS NOTICE IS BEING FURNISHED FOR YOUR INFORMATION AND TO COMPLY WITH APPLICABLE LAWS AND REGULATIONS. IF YOU RECEIVE OR HAVE RECEIVED A DISCHARGE OF THIS DEBT THAT IS NOT REAFFIRMED IN A BANKRUPTCY PROCEEDING, YOU WILL NOT BE PERSONALLY RESPONSIBLE FOR THE DEBT. COLORADO: SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT. Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 250, Lakewood, CO 80228. The office's phone number is 888.738.5576. NEW YORK CITY: 1411669, 1411665, 1411662. TENNESSEE: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Seterus, Inc. is licensed to do business at 14523 SW Millikan Way, Beaverton, OR 97005.

ADAMS, TRACY E
November 7, 2017
Loan number: ▮▮7514

IF THE DEFAULT IS NOT CURED ON OR BEFORE THE EXPIRATION DATE, THE LOAN OWNER AND WE INTEND TO ENFORCE THE LOAN OWNER'S RIGHTS AND REMEDIES AND MAY PROCEED WITHOUT FURTHER NOTICE TO COMMENCE FORECLOSURE PROCEEDINGS. FORECLOSURE PROCEEDINGS WILL NOT BE COMMENCED UNLESS AND UNTIL ALLOWED BY APPLICABLE LAW. ADDITIONAL FEES SUCH AS FORECLOSURE COSTS AND LEGAL FEES MAY BE ADDED PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.

Nothing contained in this letter or in any other communication regarding the loan shall modify or waive any term or provision of the loan.  The status of your loan may be reported to credit reporting agencies.

You have the right to reinstate your loan after acceleration and the right to bring a court action or assert in the foreclosure proceedings the nonexistence of a default or any other defense to acceleration and sale. If you reinstate your loan after acceleration, the loan no longer will be immediately due in full.

If you have any questions, please contact us at 866.570.5277.  For borrowers having difficulty making their payments, we have loan specialists available Monday-Thursday 5 a.m. to 9 p.m., Friday 5 a.m. to 6 p.m., and Saturday 9 a.m. to 12 p.m. (Pacific time). Saturday hours may vary.

Sincerely,


Seterus, Inc.


Enclosure(s):  SCRA Notice


IMPORTANT NOTE(S):
This letter does not impact any loss mitigation offers that you may have recently received; you can still choose to accept that offer by responding as directed in that offer.

# EXHIBIT D



PO Box 1077; Hartford, CT 06143-1077

**Business Hours (Pacific Time)**
Monday–Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

**Physical Address**
14523 SW Millikan Way; Suite 200; Beaverton, OR 97005

**Payments**
PO Box 54420; Los Angeles, CA 90054-0420

**Correspondence, Inquiries, and Notices**
PO Box 1077; Hartford, CT 06143-1077

Phone: 866.570.5277
Fax: 866.578.5277
www.seterus.com

L115AQ.1

ADAMS, TRACY E
8890 BURLINGAME AVE SW
BYRON CENTER, MI 49315



December 4, 2017
Loan number: ████7514
Serviced by Seterus, Inc.

RE: 8890 BURLINGAME AVE SW
BYRON CENTER, MI 49315-9335

Your loan is in default, due to the non-payment of the following amount:
Amount Due: $2,438.69
Amount Due By: January 08, 2018 ("Expiration Date")

We hereby demand that you bring your loan up to date ("cure this default") by payment of the amount due stated above. In addition, your regular payment may become due by the Expiration Date. The amount quoted may increase due to future installments that become due and/or fees that may be assessed.

If full payment of the default amount is not received by us in the form of a certified check, cashier's check, or money order on or before January 08, 2018, we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

Failure to cure the default on or before January 08, 2018 may result in acceleration of the sums secured by the mortgage and may result in the sale of the premises. If you send only a partial payment, the loan still will be in default. Additionally, we will keep the payment and may accelerate the maturity date.

IF THE DEFAULT IS NOT CURED ON OR BEFORE THE EXPIRATION DATE, THE LOAN OWNER AND WE INTEND TO ENFORCE THE LOAN OWNER'S RIGHTS AND REMEDIES AND MAY PROCEED WITHOUT

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT. THIS NOTICE IS BEING FURNISHED FOR YOUR INFORMATION AND TO COMPLY WITH APPLICABLE LAWS AND REGULATIONS. IF YOU RECEIVE OR HAVE RECEIVED A DISCHARGE OF THIS DEBT THAT IS NOT REAFFIRMED IN A BANKRUPTCY PROCEEDING, YOU WILL NOT BE PERSONALLY RESPONSIBLE FOR THE DEBT. COLORADO: SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT. Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 250, Lakewood, CO 80228. The office's phone number is 888.738.5576. NEW YORK CITY: 1411669, 1411665, 1411662. TENNESSEE: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Seterus, Inc. is licensed to do business at 14523 SW Millikan Way, Beaverton, OR 97005.

ADAMS, TRACY E
December 4, 2017
Loan number: ▮▮▮7514

FURTHER NOTICE TO COMMENCE FORECLOSURE PROCEEDINGS. FORECLOSURE PROCEEDINGS WILL NOT BE COMMENCED UNLESS AND UNTIL ALLOWED BY APPLICABLE LAW. ADDITIONAL FEES SUCH AS FORECLOSURE COSTS AND LEGAL FEES MAY BE ADDED PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.

Nothing contained in this letter or in any other communication regarding the loan shall modify or waive any term or provision of the loan.  The status of your loan may be reported to credit reporting agencies.

You have the right to reinstate your loan after acceleration and the right to bring a court action or assert in the foreclosure proceedings the nonexistence of a default or any other defense to acceleration and sale. If you reinstate your loan after acceleration, the loan no longer will be immediately due in full.

If you have any questions, please contact us at 866.570.5277.  For borrowers having difficulty making their payments, we have loan specialists available Monday-Thursday 5 a.m. to 9 p.m., Friday 5 a.m. to 6 p.m., and Saturday 9 a.m. to 12 p.m. (Pacific time). Saturday hours may vary.

Sincerely,


Seterus, Inc.

Enclosure(s):  SCRA Notice


IMPORTANT NOTE(S):
This letter does not impact any loss mitigation offers that you may have recently received; you can still choose to accept that offer by responding as directed in that offer.

# EXHIBIT E



**seterus**™
PO Box 1077; Hartford, CT 06143-1077

**Business Hours (Pacific Time)**
Monday-Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

**Physical Address**
14523 SW Millikan Way; Suite 200; Beaverton, OR 97005

**Payments**
PO Box 54420; Los Angeles, CA 90054-0420

**Correspondence, Inquiries, and Notices**
PO Box 1077; Hartford, CT 06143-1077

Phone: 866.570.5277
Fax: 866.578.5277
www.seterus.com

L115AQ.1

ADAMS, TRACY E
8890 BURLINGAME AVE SW
BYRON CENTER, MI 49315



January 2, 2018
Loan number: ▮▮▮7514
Serviced by Seterus, Inc.

RE: 8890 BURLINGAME AVE SW
BYRON CENTER, MI 49315-9335

Your loan is in default, due to the non-payment of the following amount:
    Amount Due:    $2,493.92
    Amount Due By:  February 06, 2018  ("Expiration Date")

We hereby demand that you bring your loan up to date ("cure this default") by payment of the amount due stated above. In addition, your regular payment may become due by the Expiration Date. The amount quoted may increase due to future installments that become due and/or fees that may be assessed.

If full payment of the default amount is not received by us in the form of a certified check, cashier's check, or money order on or before February 06, 2018, we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

Failure to cure the default on or before February 06, 2018 may result in acceleration of the sums secured by the mortgage and may result in the sale of the premises. If you send only a partial payment, the loan still will be in default. Additionally, we will keep the payment and may accelerate the maturity date.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT. THIS NOTICE IS BEING FURNISHED FOR YOUR INFORMATION AND TO COMPLY WITH APPLICABLE LAWS AND REGULATIONS. IF YOU RECEIVE OR HAVE RECEIVED A DISCHARGE OF THIS DEBT THAT IS NOT REAFFIRMED IN A BANKRUPTCY PROCEEDING, YOU WILL NOT BE PERSONALLY RESPONSIBLE FOR THE DEBT. COLORADO: SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT. Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 250, Lakewood, CO 80228. The office's phone number is 888.738.5576. NEW YORK CITY: 1411669, 1411665, 1411662. TENNESSEE: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Seterus, Inc. is licensed to do business at 14523 SW Millikan Way, Beaverton, OR 97005.

ADAMS, TRACY E
January 2, 2018
Loan number: ███7514

IF THE DEFAULT IS NOT CURED ON OR BEFORE THE EXPIRATION DATE, THE LOAN OWNER AND WE INTEND TO ENFORCE THE LOAN OWNER'S RIGHTS AND REMEDIES AND MAY PROCEED WITHOUT FURTHER NOTICE TO COMMENCE FORECLOSURE PROCEEDINGS. FORECLOSURE PROCEEDINGS WILL NOT BE COMMENCED UNLESS AND UNTIL ALLOWED BY APPLICABLE LAW. ADDITIONAL FEES SUCH AS FORECLOSURE COSTS AND LEGAL FEES MAY BE ADDED PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.

Nothing contained in this letter or in any other communication regarding the loan shall modify or waive any term or provision of the loan.  The status of your loan may be reported to credit reporting agencies.

You have the right to reinstate your loan after acceleration and the right to bring a court action or assert in the foreclosure proceedings the nonexistence of a default or any other defense to acceleration and sale. If you reinstate your loan after acceleration, the loan no longer will be immediately due in full.

If you have any questions, please contact us at 866.570.5277.  For borrowers having difficulty making their payments, we have loan specialists available Monday-Thursday 5 a.m. to 9 p.m., Friday 5 a.m. to 6 p.m., and Saturday 9 a.m. to 12 p.m. (Pacific time). Saturday hours may vary.

Sincerely,


Seterus, Inc.

Enclosure(s):  SCRA Notice


IMPORTANT NOTE(S):
**This letter does not impact any loss mitigation offers that you may have recently received; you can still choose to accept that offer by responding as directed in that offer.**

# EXHIBIT F



**seterus™**
PO Box 1077; Hartford, CT 06143-1077

**Business Hours (Pacific Time)**
Monday-Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

**Physical Address**
14523 SW Millikan Way; Suite 200; Beaverton, OR 97005

**Payments**
PO Box 54420; Los Angeles, CA 90054-0420

**Correspondence, Inquiries, and Notices**
PO Box 1077; Hartford, CT 06143-1077

Phone: 866.570.5277
Fax: 866.578.5277
www.seterus.com

*L115AQ.1*

ADAMS, TRACY E
8890 BURLINGAME AVE SW
BYRON CENTER, MI 49315



January 16, 2018
Loan number: ▮514
Serviced by Seterus, Inc.

RE: 8890 BURLINGAME AVE SW
BYRON CENTER, MI 49315-9335

Your loan is in default, due to the non-payment of the following amount:
   Amount Due:   $1,428.92
   Amount Due By:  February 20, 2018  ("Expiration Date")

We hereby demand that you bring your loan up to date ("cure this default") by payment of the amount due stated above. In addition, your regular payment may become due by the Expiration Date. The amount quoted may increase due to future installments that become due and/or fees that may be assessed.

If full payment of the default amount is not received by us in the form of a certified check, cashier's check, or money order on or before February 20, 2018, we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

Failure to cure the default on or before February 20, 2018 may result in acceleration of the sums secured by the mortgage and may result in the sale of the premises. If you send only a partial payment, the loan still will be in default. Additionally, we will keep the payment and may accelerate the maturity date.

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT. THIS NOTICE IS BEING FURNISHED FOR YOUR INFORMATION AND TO COMPLY WITH APPLICABLE LAWS AND REGULATIONS. IF YOU RECEIVE OR HAVE RECEIVED A DISCHARGE OF THIS DEBT THAT IS NOT REAFFIRMED IN A BANKRUPTCY PROCEEDING, YOU WILL NOT BE PERSONALLY RESPONSIBLE FOR THE DEBT. COLORADO: SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT. Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 250, Lakewood, CO 80228. The office's phone number is 888.738.5576. NEW YORK CITY: 1411669, 1411665, 1411662. TENNESSEE: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Seterus, Inc. is licensed to do business at 14523 SW Millikan Way, Beaverton, OR 97005.

ADAMS, TRACY E
January 16, 2018
Loan number: █████7514

IF THE DEFAULT IS NOT CURED ON OR BEFORE THE EXPIRATION DATE, THE LOAN OWNER AND WE
INTEND TO ENFORCE THE LOAN OWNER'S RIGHTS AND REMEDIES AND MAY PROCEED WITHOUT
FURTHER NOTICE TO COMMENCE FORECLOSURE PROCEEDINGS. FORECLOSURE PROCEEDINGS WILL
NOT BE COMMENCED UNLESS AND UNTIL ALLOWED BY APPLICABLE LAW. ADDITIONAL FEES SUCH AS
FORECLOSURE COSTS AND LEGAL FEES MAY BE ADDED PURSUANT TO THE TERMS OF THE LOAN
DOCUMENTS.

Nothing contained in this letter or in any other communication regarding the loan shall modify or waive
any term or provision of the loan. The status of your loan may be reported to credit reporting agencies.

You have the right to reinstate your loan after acceleration and the right to bring a court action or assert
in the foreclosure proceedings the nonexistence of a default or any other defense to acceleration and
sale. If you reinstate your loan after acceleration, the loan no longer will be immediately due in full.

If you have any questions, please contact us at 866.570.5277. For borrowers having difficulty making
their payments, we have loan specialists available Monday-Thursday 5 a.m. to 9 p.m., Friday 5 a.m. to 6
p.m., and Saturday 9 a.m. to 12 p.m. (Pacific time). Saturday hours may vary.

Sincerely,


Seterus, Inc.

Enclosure(s): SCRA Notice


IMPORTANT NOTE(S):
**This letter does not impact any loss mitigation offers that you may have recently received; you can
still choose to accept that offer by responding as directed in that offer.**

# EXHIBIT G



PO Box 1077; Hartford, CT 06143-1077

**Business Hours (Pacific Time)**
Monday–Thursday 5 a.m. to 8 p.m.
Friday 5 a.m. to 6 p.m.

**Physical Address**
14523 SW Millikan Way; Suite 200; Beaverton, OR 97005

**Payments**
PO Box 54420; Los Angeles, CA 90054-0420

**Correspondence, Inquiries, and Notices**
PO Box 1077; Hartford, CT 06143-1077

Phone: 866.570.5277
Fax: 866.578.5277
www.seterus.com

L115AQ.1

ADAMS, TRACY E
8890 BURLINGAME AVE SW
BYRON CENTER, MI 49315



March 15, 2018
Loan number: ▇▇7514
Serviced by Seterus, Inc.

RE: 8890 BURLINGAME AVE SW
BYRON CENTER, MI 49315-9335

Your loan is in default, due to the non-payment of the following amount:
Amount Due:     $2,164.38
Amount Due By:  April 19, 2018  ("Expiration Date")

We hereby demand that you bring your loan up to date ("cure this default") by payment of the amount due stated above. In addition, your regular payment may become due by the Expiration Date. The amount quoted may increase due to future installments that become due and/or fees that may be assessed.

If full payment of the default amount is not received by us in the form of a certified check, cashier's check, or money order on or before April 19, 2018, we will accelerate the maturity date of your loan and upon such acceleration the ENTIRE balance of the loan, including principal, accrued interest, and all other sums due thereunder, shall, at once and without further notice, become immediately due and payable.

Failure to cure the default on or before April 19, 2018 may result in acceleration of the sums secured by the mortgage and may result in the sale of the premises. If you send only a partial payment, the loan still will be in default. Additionally, we will keep the payment and may accelerate the maturity date.

IF THE DEFAULT IS NOT CURED ON OR BEFORE THE EXPIRATION DATE, THE LOAN OWNER AND WE INTEND TO ENFORCE THE LOAN OWNER'S RIGHTS AND REMEDIES AND MAY PROCEED WITHOUT

THIS COMMUNICATION IS FROM A DEBT COLLECTOR AS WE SOMETIMES ACT AS A DEBT COLLECTOR. WE ARE ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. HOWEVER, IF YOU ARE IN BANKRUPTCY OR RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT, THIS LETTER IS NOT AN ATTEMPT TO COLLECT THE DEBT. THIS NOTICE IS BEING FURNISHED FOR YOUR INFORMATION AND TO COMPLY WITH APPLICABLE LAWS AND REGULATIONS. IF YOU RECEIVE OR HAVE RECEIVED A DISCHARGE OF THIS DEBT THAT IS NOT REAFFIRMED IN A BANKRUPTCY PROCEEDING, YOU WILL NOT BE PERSONALLY RESPONSIBLE FOR THE DEBT. COLORADO: SEE WWW.COLORADOATTORNEYGENERAL.GOV/CA FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT. Seterus, Inc. maintains a local office at 355 Union Boulevard, Suite 250, Lakewood, CO 80228. The office's phone number is 888.738.5576. NEW YORK CITY: 1411669, 1411665, 1411662. TENNESSEE: This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance. Seterus, Inc. is licensed to do business at 14523 SW Millikan Way, Beaverton, OR 97005.

ADAMS, TRACY E
March 15, 2018
Loan number: ███ 7514

FURTHER NOTICE TO COMMENCE FORECLOSURE PROCEEDINGS. FORECLOSURE PROCEEDINGS WILL
NOT BE COMMENCED UNLESS AND UNTIL ALLOWED BY APPLICABLE LAW. ADDITIONAL FEES SUCH AS
FORECLOSURE COSTS AND LEGAL FEES MAY BE ADDED PURSUANT TO THE TERMS OF THE LOAN
DOCUMENTS.

Nothing contained in this letter or in any other communication regarding the loan shall modify or waive
any term or provision of the loan.  The status of your loan may be reported to credit reporting agencies.

You have the right to reinstate your loan after acceleration and the right to bring a court action or assert
in the foreclosure proceedings the nonexistence of a default or any other defense to acceleration and
sale. If you reinstate your loan after acceleration, the loan no longer will be immediately due in full.

If you have any questions, please contact us at 866.570.5277.  For borrowers having difficulty making
their payments, we have loan specialists available Monday-Thursday 5 a.m. to 9 p.m., Friday 5 a.m. to
6 p.m., and Saturday 9 a.m. to 12 p.m. (Pacific time). Saturday hours may vary.

Sincerely,


Seterus, Inc.

Enclosure(s):  SCRA Notice


IMPORTANT NOTE(S):
**This letter does not impact any loss mitigation offers that you may have recently received; you can
still choose to accept that offer by responding as directed in that offer.**