IN THE UNITED STATED DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
Southern Division

TRACY ADAMS, on behalf of herself
and others similarly situated,

                       Case No. 2:18-cv-12731

    Plaintiff,

v.                          Hon. Denise Page Hood

SETERUS, INC.,

    Defendant.

_____/

Andrew J. McGuinness (P42074)
ANDREW J. MCGUINNESS, ESQ.
122 S. Main St., Ste 118
P.O. Box 7711
Ann Arbor, MI 48107
Tel. (734) 274-9374
drewmcg@topclasslaw.com

Scott C. Harris (*admitted*)
WHITFIELD BRYSON & MASON LLP
900 W Morgan St.
Raleigh, NC 27603
Tel. (919) 600-5000
scott@wbmllp.com

Edward Maginnis
MAGINNIS LAW, PLLC
4801 Glenwood Avenue, Suite 310
Raleigh, North Carolina 27612
Tel. (919) 526-0450
emaginnis@maginnislaw.com

*Counsel for Plaintiff and the Proposed Class*

Ari M. Charlip (P57285)
James A. Martone (P77601)
DICKENSON WRIGHT PLLC
2600 W. Big Beaver Road, Ste. 300
Troy, MI 48084
Tel. (248) 433-7200
acharlip@dickinsonwright.com
jmartone@dickinsonwright.com

*Counsel for Defendant*

_____/

## PLAINTIFF'S MOTION FOR PARTIAL
## <u>RECONSIDERATION AND BRIEF IN SUPPORT</u>

Plaintiff hereby respectfully moves this Court under Federal Rules of Civil

Procedure 54(b) and 60, and Local Rule 7.1(h)(1), to reconsider that portion of its September 27, 2019, Opinion and Order (ECF #18, "Order"), granting in part Defendant's Motion to Dismiss. In support hereof, Plaintiff relies on the arguments and authorities set forth in her Brief in Support, *infra*. The portion of the Order that grants in part the motion reflects a palpable defect, prompted by several misleading arguments advanced by Defendant, the correction of which will result in a different disposition.

In accordance with Local Rule 7.1(a) counsel for Plaintiff contacted defense counsel seeking concurrence in this Motion but was unable obtain concurrence in the relief sought.

WHEREFORE, Plaintiff asks that this honorable Court reconsider the Order in part, and deny defendant's Motion to Dismiss in its entirety.

**BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION FOR PARTIAL RECONSIDERATION**

**<u>Brief Statement of the Issues Presented</u>**

Should this Court reconsider that part of its September 27, 2019, Order that erroneously dismissed claims based on a statement that the homeowner can raise defenses in foreclosure by advertisement proceedings, where this Court in footnote 1 of the Order correctly found this representation to be false, deceptive, or misleading?

Plaintiff answers "yes."

This Court should answer "yes."

## <u>Controlling or Most Appropriate Authority</u>

15 U.S.C. § 1692e

15 U.S.C. § 1692e(10)

Mich. Comp. L. § 600.3201 *et seq*.

Mich. Comp. L. § 445.252(e) & (f)

*Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 441-42 (6th Cir. 2008)

*Grden v. Leikin Ingber & Winters PC,* 643 F.3d 169, 172 (6th Cir. 2011)

*Gionis v. Javitch, Block & Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007)

## Summary of Argument

In its form Final Letter, Seterus represented to Michigan homeowners the following:

> You have the right to reinstate your loan after acceleration and the right to bring a court action or assert in in the foreclosure proceedings the nonexistence of default or any other defense to acceleration and sale.

Complaint Exh. A (ECF #1, Pg. ID 39).[1]

This Court, in its September 27 Opinion and Order, correctly "concluded":

> As Plaintiff argues, nowhere in the Michigan non-judicial foreclosure statute does it state that a person subject to foreclosure can assert defenses in a foreclosure by advertisement proceedings. M.C.L. § 600.3201 *et seq*. *For that reason, the Court concludes that Plaintiff has adequately alleged that Defendant made inaccurate, misleading, false, or deceptive statements or claims in the Michigan Final Letter to collect a debt (in violation of M.C.L. § 445.252(e)) and misrepresented in the Michigan Final Letter the status of a legal action being taken or threatened, or the legal rights of the creditor or debtor (in violation of M.C.L. § 445.252(f)).*

Order at 12, n.1 (emphasis added). This Court also correctly observed: "As both parties recognize, courts generally analyze MRCPA claims in the same manner as FDCPA claims when based on the same factual allegations, as the language in the

---

[1] This representation can be broken down into three clauses: (i) the right to reinstatement clause; (ii) the right to initiate a separate proceeding clause; and (iii) the right to assert the non-existence of a default or any other defense in "the foreclosure proceedings" clause. This brief will refer to these as the first, second, and third clauses, respectively.

MRCPA is 'very similar' to the language in the FDCPA." Order at 11 (citing

multiple cases).

As discussed below, these findings were undoubtedly correct. Yet

notwithstanding them, the Order "grants in part" (Order at 1, 11, 13) Defendant's

motion. The dismissed claims are based upon Seterus's assertion in its form

Michigan Final Letter that the homeowner will "have a right" to raise "the

nonexistence of default or any other defense" "in the foreclosure proceedings."

> Defendant next argues language in the Michigan Final Letter is
> accurate and not misleading because a debtor has the right to bring a
> court action to assert defenses. . .  Defendant argues that Plaintiff
> conveniently ignores the "**or**" in the cited language, which is
> important because there is no dispute that a debtor has the right to
> bring a court action (rendering irrelevant whether a debtor can assert
> any defenses in a foreclosure by advertising proceeding). Defendant
> also asserts that a debtor can convert a foreclosure by advertisement
> into judicial foreclosures and assert their defenses there.

> For the reasons argued by Defendant, the Court dismisses
> Plaintiff's FDCPA claim to the extent she relies on allegations that the
> Michigan Final Letter's language that Plaintiff would have "the right
> to bring a court action or assert in the foreclosure proceedings the
> nonexistence of a default or any other defense to acceleration" was
> deceptive and misleading.[2]

Order at 10 (emphasis in ordinal; citation omitted).

These two findings are irreconcilable. As argued below, the first one

(reflected in footnote 1) is correct. The other reflects palpable error engendered by

---

[2] The Order also purports to dismiss Plaintiff's RCPA claim on this same basis.
Order at 13.

Defendant's Reply Brief argument about "or," other misleading arguments, and the

Court's failure to evaluate the claim under the applicable "least sophisticated

consumer" legal standard.

## Argument

I.      A STATEMENT NEED ONLY BE "MISLEADING," OR
        "DECEPTIVE" – NOT "INACCURATE" – TO BE ACTIONABLE.

This Court in the body of its Order determined that the challenged statement,

because of its inclusion of the conjunction "or," was "accurate":

> A debtor can bring a court action no matter what, so even if certain defenses
> may not be permissible in a foreclosure proceeding, the provision is accurate
> and not inaccurate.

Order at 11. But this holding conflates a finding of technical or grammatical

accuracy with a conclusion that the statement is not "misleading" or "deceptive."

Even if the statement is technically accurate (it is not, as argued below), this would

not insulate it under the applicable legal standards.

The FDCPA prohibits in a communication in connection with debt

collection "any false, deceptive, or misleading representation." 15 U.S.C. §1692e.

That a statement might be literally or technically *accurate* may indicate that it is to

that extent not "false," but does not answer whether it is "deceptive," much less

"misleading." "At the outset, we emphasize that a literally true statement can still

be misleading." *Gonzales v. Arrow Fin. Servs., LLC*, 660 F.3d 1055, 1062 (9th Cir.

2011). *Accord, Grden v. Leikin Ingber & Winters PC,* 643 F.3d 169, 172 (6th Cir.

2011) ("Truth is not always a defense under this [least sophisticated consumer] test, since sometimes even a true statement can be misleading.").

> By including within § 1692e's ambit not only objectively false statements or means but also misleading and deceptive representations or means, Congress recognized that a debt collector may present accurate information in a manner that deceives or misleads, and truthful but misleading or deceptive information, like false information, violates § 1692e. The least sophisticated consumer standard provides the threshold for liability when a claim under §1692e is based on an allegation that technically accurate information is misleading or deceptive.

*Ellswick v. Quantum3 Grp., LLC*, No. 1:16-cv-01959-MHH, 2018 U.S. Dist. LEXIS 45991, at *15-16 (N.D. Ala. Mar. 21, 2018).

Similarly, the RCPA prohibits "[m]aking an inaccurate, misleading, untrue, or deceptive statement" in a debt collection communication, M.C.L. § 445.252(e). As the Sixth Circuit has observed, these two statutory sections are "very similar." *Gamby v. Equifax Information Services, LLC*, 462 Fed. App'x. 552, 556 n.6, 2012 U.S. App. LEXIS 3061(6th Cir. 2012).

II.   THIS COURT MAY HAVE BEEN MISLEAD BY DEFENDANT'S ARGUMENTS.

### A. There Is No "Conversion" Right Under Michigan's Non-Judicial Foreclosure Statute.

As recited by and relied upon by this Court in its Order, quoted *supra*, Seterus argued in support of its motion: "Indeed, borrowers have the right to convert the foreclosure by advertisement into a judicial foreclosure to challenge or

otherwise defend against the lender's foreclosure proceedings." (ECF #7, Pg. ID 80-81.) Defendant offered no authority for this proposition.

Contrary to Defendant's argument, Michigan's foreclosure by advertisement statute (which Plaintiff cited in her Response) contains no conversion right. Mich. Comp. L. § 3204(a) expressly sets forth the requirements for initiating a foreclosure by advertisement proceeding. This section requires that no judicial foreclosure proceeding be pending, but nowhere provides for conversion of foreclosure by advertisement to judicial foreclosure. The lack of any conversion mechanism in Michigan's foreclosure by advertisement statute is all the more notable because, for a discrete period of time, there *was* a limited express conversion option available to a homeowner. In former Section 3205(c), enacted in July 2009 and repealed in June 2014, the homeowner was granted a limited conversion right:

> (8)  If a mortgage holder or mortgage servicer begins foreclosure proceedings under this [foreclosure by advertisement] chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated ==to convert the foreclosure proceeding to a judicial foreclosure.==

Mich. Comp. L. § 600.3205(c)(8) (repealed) (emphasis added) (Exh. A, attached). Clearly, the Michigan legislature knew how to provide for a conversion right when it sought to do so; no such right has existed in the foreclosure by advertisement statute for years. Moreover, the "of this section" referred to in the repealed

5

provision quoted above pertained to loan modifications. *Id.* So even when

§ 600.3205(c)(8) was in effect there was no ability to convert a non-judicial

foreclosure proceeding into a judicial foreclosure by asserting nondefault or "any

other defense," as Seterus represented.

### B. Homeowners May Not Assert Any Defense "In The Foreclosure Proceedings."

Additionally, Seterus argues that the third clause is accurate because the

recipient of the Michigan Final Letter (at that point considered a "holdover

tenant") can raise defenses in "the subsequent proceeding."

> Moreover, borrowers are permitted to "hold over after foreclosure by advertisement and test the validity of the sale in a summary proceeding," where a borrower "may raise whatever defenses are available." *Id.* Because the Default Letter informs borrowers of the right to bring a court action to assert defenses, *and because Michigan law also allows borrowers to assert defenses to foreclosure in the subsequent proceeding to foreclosure by advertisement,* the Default Letter does not misrepresent Plaintiff's right to assert defenses.

Motion to Dismiss at 16 (ECF #7, Pg. ID 81). *See also id.* at 21 (Pg. ID 86).

Defendant is referring to summary eviction proceedings in state district court. Here

again Defendant's argument was misleading.

It is undisputed that Michigan has two types of foreclosure proceedings:

judicial and non-judicial. By contrast, a summary eviction hearing is plainly not a

"foreclosure proceeding."[3] So clearly, even if the third clause is read as Defendant suggests to be referring to holdover tenants in summary eviction hearings, it would be false, deceptive, and misleading—since such proceedings are plainly not "foreclosure proceedings."

And the distinction between a summary eviction proceeding and a foreclosure proceeding, i.e. a *judicial* foreclosure proceeding (where defenses could be raised), is important. At the point at which a holdover tenant (no longer a homeowner) faces summary eviction she has already lost title to the house, which has vested in the party seeking summary eviction. State district courts are courts of limited jurisdiction, and cannot generally transfer title to the property back to the holdover tenant (i.e., the mortgagor/prior homeowner)—even on a finding that the foreclosure or acceleration was improper. *See Ray v. U.S. Bank N.A.*, 627 F. App'x 452, 454 (6th Cir. 2015). A holdover tenant would have to file a second action, in the state circuit court, and incur additional attorney's fees (if she can find a lawyer or afford to pay that a lawyer for a second representation) to accomplish that goal. And without legal title at the point the summary eviction proceeding is initiated,

---

[3] Further illustrating the point, summary eviction proceedings are state district court proceedings applicable to both former homeowners who become holdover tenants after a sheriff's sale and expiration of the redemption period, and to apartment renters who fail timely to pay their rent. Because such proceedings include, *inter alia*, those who never experience a foreclosure they cannot fairly be characterized as "foreclosure proceedings."

her net worth and assets would have been diminished, reducing her ability to get a loan. She would also be limited in her ability to travel or undertake home repairs or renovations, since these would subject her to possible self-help or accelerated eviction by the legal title holder.

Because there is no (and never has been) right to "convert" a non-judicial foreclosure into a judicial foreclosure based on nondefault or "any other defense," and because summary eviction proceedings are not "foreclosure proceedings," Defendant's only hope of defending the challenged representation under the FDCPA or the RCPA rests on the second clause, before the "or," stating the truism that a homeowner has a right to initiate her own action.

III.   **THAT A HOMEOWER COULD INSTITUTE A SEPARATE ACTION TO RAISE DEFENSES DOES NOT RENDER THE CHALLENGED STATEMENT NON-DECEPTIVE OR NON-MISLEADING UNDER THE APPLICABLE LEGAL STANDARDS.**

This Court appears to have been persuaded by Defendant's argument, in its Reply Brief, that Plaintiff "ignored" the conjunction "or" in the challenged statement. Indeed, the Court quoted this argument and expressly relied on it in its ruling, even going so far as to suggest that it credited Defendant's argument that the ability of a homeowner to initiate a separate proceeding "render[ed] irrelevant whether a debtor can assert any defenses in a foreclosure by advertising proceeding." Order at 10.

Putting aside the fact that Plaintiff did not ignore "or" in her Response (*see*,

*e.g.,* ECF #9 at 23 & fn. 8), in context the inclusion of that conjunction cannot exculpate Defendant's conduct.

### A.   This Court Failed To Analyze The Challenged Representation Under the Applicable "Least Sophisticated Consumer" Standard.

At pages 7 & 16-18 of her Response Plaintiff argued that the allegedly misleading statements in the Michigan Final Letter must be analyzed under the applicable "least sophisticated consumer" legal standard. (ECF #9, Pg. ID 192 & 201-03). This legal standard is nowhere mentioned, much less analyzed, in this Court's Order. This reflects a critical misstep, because "Courts must view any alleged violation through the lens of the 'least sophisticated consumer' . . . ." *Gionis v. Javitch, Block & Rathbone, LLP*, 238 F. App'x 24, 28 (6th Cir. 2007) (Keith, J.). *See also, Wallace v. Wash. Mut. Bank, F.A.,* 683 F.3d 323 (6th Cir. 2012) (reversing dismissal of FDCPA claim based on application of the least sophisticated consumer standard); *Buchanan v. Northland Grp.,* 776 F.3d 393 (6th Cir. 2015) (same); *Grden v. Leikin Ingber & Winters PC*, 643 F.3d 169 (6th Cir. 2011) (same); *Currier v. First Resolution Inv. Corp.,* 762 F.3d 529 (6th Cir. 2014) (same); *Stratton v. Portfolio Recovery Assocs., LLC,* 770 F.3d 443 (6th Cir. 2014) (same).

The Sixth Circuit has been especially sensitive to application of the least sophisticated consumer standard in the context of representations concerning the rights of the parties to a dunning letter. For example, in *Grden* the court reversed

9

summary judgment for a collection law firm that served the debtor a motion for default judgment along with the complaint. Per the court, "an unsophisticated consumer who is served with a motion for entry of default judgment might well think that he has somehow already defaulted," notwithstanding the fact that motion only asked for such relief "upon default." 643 F.3d at 172.

Likewise, in *Gionis* the court addressed the misleading character of an affidavit filed in Ohio state court along with a collection complaint. The affidavit recited that under the credit agreement the bank was "entitled to recover, *to the extent permitted by applicable law*, its reasonable attorney's fees and costs incurred in any action to enforce its rights under the agreement." 238 F. App'x at 25 (emphasis in original). However, Ohio law did not permit the collection of attorney's fees in a collection action. And while the full credit agreement included an Arizona choice of law clause, the consumer could reasonably believe (wrongly) that Ohio law permitted the recovery of fees in the collection action. As the panel held, "[i]n a strict sense, neither § 1692e(5) nor §1692e(10) has been violated here. The Affidavit only says [the bank] 'is entitled to recover [attorney fees], *to the extent permitted by applicable law* . . . ,'" which was literally true. *Id*. at 10-11 (emphasis in original).

> But the Act does not require such a sophisticated interpretation. Quite the contrary, in fact: Courts must view any alleged violation through the lens of the "least sophisticated consumer" . . . . Since Javitch sued in Ohio and the Affidavit leaves the "applicable law" undefined, the

> least sophisticated consumer (who is both "naïve" and "below-average
> sophistication") would, without question, conclude the "applicable
> law" to be Ohio law.

*Ibid.* Similarly, in the case a bar, the least sophisticated Michigan homeowner

could reasonably read the challenged clause as signifying that she could raise any

defense to foreclosure or acceleration in the foreclosure by advertisement

proceeding that Seterus was threatening.

### B.    In Context, The "Or" Does Not Render The Statement Non-Misleading.

Again, the full text of the challenged statement is:

> You have the right to reinstate your loan after acceleration and the
> right to bring a court action or assert in in the foreclosure proceedings
> the nonexistence of default or any other defense to acceleration and
> sale.

Complaint Exh. A (ECF #1, Pg. ID 39).

This statement unequivocally communicates that the homeowner has a right

to reinstate her loan after acceleration, and the right to do something else. But

what? To EITHER bring a court action OR assert defenses in the foreclosure

proceedings? This is what Defendant argues. But the statement does not contain

the "either . . . or" construction. Alternatively, do the second and third clauses

communicate that the homeowner can bring a court action OR assert defenses in

the foreclosure proceedings, at the homeowner's option? While Plaintiff submits

that a sophisticated homeowner could read it this way, it is even more clear that the

least sophisticated consumer could do so. This is all that is required to render the statement misleading or deceptive, and therefore actionable.

### C.    The Representation Is Misleading Because It Is Subject To More Than One Reasonable Interpretation.

Under Sixth Circuit precedent, "'collection notices can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.'" *Kistner v. Law Offices of Michael P. Margelefsky, LLC,* 518 F.3d 433, 441-42 (6th Cir. 2008) (quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 34-35 (2d Cir. 1996)). Because the challenged statement reasonably can be interpreted by the least sophisticated consumer to mean that the homeowner would have the opportunity to raise any defense to acceleration or foreclosure in the threatened foreclosure by advertisement proceeding, and such a representation is manifestly inaccurate, the statement is deceptive or misleading under Sixth Circuit law.

In this context "or" is frequently understood to mean that the reader or listener has a choice among the listed alternatives, each of which is available. An obvious analogy would be a restaurant customer asking what sides come with her entrée.  If a steak dinner is described as coming with a side of "soup or salad" (as in, "You will be served steak and soup or salad"), and the patron asks for soup, a response that there is no soup, but the offer is nonetheless accurate because she can

have salad, would naturally be frowned upon. The offer would fairly be

characterized as misleading or deceptive.[4]

      As previously argued, the misleading character of the Seterus Michigan

Final Letter threatens serious consequences due to the risk that homeowners will

be encouraged *not* to initiate a separate action, on the understanding that they will

be afforded the opportunity to raise defenses in the foreclosure by advertisement

proceeding. By the time they realize that opportunity will never come, a sheriff's

sale will already have occurred. Under the facts alleged in the Complaint, Seterus's

form Michigan Final Letter is misleading and deceptive, like the menu described in

the preceding paragraph, because homeowners can *never* raise defenses in the type

of "foreclosure proceeding" that Seterus utilizes. It is no answer that Seterus listed

bringing a separate court action as an alternative in this context, because that

alternative does not render the statement as a whole non-deceptive and not

misleading.

      To illustrate, and consistent with Michigan foreclosure law, if Seterus

wished to point out to homeowners that they had alternatives for how to raise

---

[4] This analogy is not perfect, in the sense that most charitable restaurant patrons are familiar with the concept of a particular dish being sold out (i.e., "86'd") at a given time on a particular day. A closer analogy is a menu listing the accompanying sides in the manner described, where one of the options had never been made available (or not for years). That *one* of the offered sides was always made available would not render the menu accurate and non-misleading on such facts.

13

defenses, then they would have had to alter the letter by instead telling

homeowners that they have the right to reinstate the loan and the right (added or

altered text italicized):

- ". . . to bring a court action or assert in *a judicial* foreclosure proceeding the nonexistence of a default or any other defense to acceleration. *We do not presently contemplate instituting a judicial foreclosure proceeding, unless required, but instead contemplate a non-judicial foreclosure proceeding in which you will not have a right to raise the nonexistence of a default or any other defense to acceleration*;" or perhaps

- ". . . to bring a court action *or assert in a summary eviction hearing, after foreclosure and after the sheriff's deed has become effective and you no longer hold legal title to your home, the nonexistence of a default or any other defense to acceleration. However, in that event you would additionally need to initiate a separate proceeding in order to regain title to your home.*"

Under the circumstances, and under Michigan law, an even more accurate

approach might be:

- ". . . to bring a court action to assert the nonexistence of a default or any other defense to acceleration. *In the event we bring a court action seeking a judicial foreclosure, you may also raise defenses. However it is our standard practice to seek non-judicial foreclosure (unless prohibited from doing so), in which case you will not be permitted to raise defenses in the foreclosure proceedings.*"

Each of these alternatives, by the measure of change that is required to render the

statement less inaccurate, underscores the deceptive and misleading character of

the challenged statement.

14

## Conclusion

This Court got it right in footnote 1 of the Order. Accordingly, it should reconsider in part the Order and deny Defendant's Motion to Dismiss in its entirety.

Dated: October 11, 2019

Respectfully submitted,

Andrew J. McGuinness (P42074)
ANDREW J. MCGUINNESS, ESQ.
122 S. Main St., Ste 118
P.O. Box 7711
Ann Arbor, MI  48107
Telephone: (734) 274-9374
drewmcg@topclasslaw.com

Scott C. Harris (*admitted*)
WHITFIELD BRYSON & MASON LLP
900 W. Morgan Street
Raleigh, North Carolina 27603
Telephone: (919) 600-500
scott@wbmllp.com

Edward H. Maginnis (*admitted*)
MAGINNIS LAW, PLLC
4801 Glenwood Avenue, Suite 310
Raleigh, North Carolina 27612
Telephone: 919-526-0450
emaginnis@maginnislaw.com

*Counsel for Plaintiff and the Proposed Class*

CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on the above date a copy of the foregoing was filed electronically with the Court using the ECF system, which will send notification to all parties who have appeared through their counsel of record.

*/s/  Andrew J. McGuinness*
        Andrew J. McGuinness
        *Counsel for Plaintiff and Proposed Class*

16

# EXHIBIT A

# 2009 Mi. HB 4455

Enacted, May 20, 2009

**Reporter**
2009 Mi. ALS 31;; 2009 Mi. P.A. 31;; 2009 Mi. HB 4455

**MICHIGAN ADVANCE LEGISLATIVE SERVICE > MICHIGAN 95TH LEGISLATURE -- FIRST REGULAR SESSION > (Act 31, Public Act of 2009) > HOUSE BILL 4455**

## Synopsis

AN ACT to amend 1961 PA 236, entitled "An act to revise and consolidate the statutes relating to the organization and jurisdiction of the courts of this state; the powers and duties of such courts, and of the judges and other officers thereof; the forms and attributes of civil claims and actions; the time within which civil actions and proceedings may be brought in said courts; pleading, evidence, practice and procedure in civil and criminal actions and proceedings in said courts; to provide remedies and penalties for the violation of certain provisions of this act; to repeal all acts and parts of acts inconsistent with or contravening any of the provisions of this act; and to repeal acts and parts of acts," (MCL 600.101 to 600.9947) by adding sections 3205c, 3205d, and 3205e; and to repeal acts and parts of acts.

## Text

*The People of the State of Michigan enact:*

**Sec. 3205c.**

**(1)** If a borrower has contacted a housing counselor under section 3205b but the process has not resulted in an agreement to modify the mortgage loan, the person designated under section 3205a(1)(c) shall work with the borrower to determine whether the borrower qualifies for a loan modification. Unless the loan is described in subsection(2) or (3), in making the determination under this subsection, the person designated under section 3205a(1)(c) shall use a loan modification program or process that includes all of the following features:

   **(a)** The loan modification program or process targets a ratio of the borrower's housing-related debt to the borrower's gross income of 38% or less, on an aggregate basis. Housing-related debt under this subdivision includes mortgage principal and interest, property taxes, insurance, and homeowner's fees.

   **(b)** To reach the 38% target specified in subdivision (a), 1 or more of the following features:

      **(i)** An interest rate reduction, as needed, subject to a floor of 3%, for a fixed term of at least 5 years.

      **(ii)** An extension of the amortization period for the loan term, to 40 years or less from the date of the loan modification.

      **(iii)** Deferral of some portion of the amount of the unpaid principal balance of 20% or less, until maturity, refinancing of the loan, or sale of the property.

      **(iv)** Reduction or elimination of late fees.

**(2)** In making the determination under subsection (1), if the mortgage loan is pooled for sale to an investor that is a governmental entity, the person designated under section 3205a(1)(c) shall follow the modification guidelines dictated by the governmental entity.

2009 Mi. HB 4455

**(3)** In making the determination under subsection (1), if the mortgage loan has been sold to a government-sponsored enterprise, the person designated under section 3205a(1)(c) shall follow the modification guidelines dictated by the government-sponsored enterprise.

**(4)** This section does not prohibit a loan modification on other terms or another loss mitigation strategy instead of modification if the other modification or strategy is agreed to by the borrower and the person designated under section 3205a(1)(c).

**(5)** The person designated under section 3205a(1)(c) shall provide the borrower with both of the following:

**(a)** A copy of any calculations made by the person under this section.

**(b)** If requested by the borrower, a copy of the program, process, or guidelines under which the determination under subsection (1) was made.

**(6)** Subject to subsection (7), if the results of the calculation under subsection (1) are that the borrower is eligible for a modification, the mortgage holder or mortgage servicer shall not foreclose the mortgage under this chapter but may proceed under chapter 31. If the results of the calculation under subsection (1) are that the borrower is not eligible for a modification or if subsection (7) applies, the mortgage holder or mortgage lender may foreclose the mortgage under this chapter.

**(7)** If the determination under subsection (1) is that the borrower is eligible for a modification, the mortgage holder or mortgage servicer may proceed to foreclose the mortgage under this chapter if both of the following apply:

**(a)** The person designated under section 3205a(1)(c) has in good faith offered the borrower a modification agreement prepared in accordance with the modification determination.

**(b)** For reasons not related to any action or inaction of the mortgage holder or mortgage servicer, the borrower has not executed and returned the modification agreement within 14 days after the borrower received the agreement.

**(8)** If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification under subsection (1), and subsection (7) does not apply, the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

**Sec. 3205d.**

The Michigan state housing development authority shall develop the list of housing counselors approved by the United States department of housing and urban development or by the Michigan state housing development authority who may perform the duties of housing counselor under sections 3205a to 3205c.

**Sec. 3205e.**

Sections 3205a to 3205d are repealed effective 2 years after the effective date of the amendatory act that added this section.

Enacting section 1. This amendatory act takes effect 45 days after the date it is enacted into law.

Enacting section 2. This amendatory act does not take effect unless all of the following bills of the 95th Legislature are enacted into law:

**(a)** House Bill No. 4453.

**(b)** House Bill No. 4454.

This act is ordered to take immediate effect.

2009 Mi. HB 4455

## History

Approved by the Governor on  May 20, 2009

## Sponsor

Johnson

MICHIGAN ADVANCE LEGISLATIVE SERVICE
Copyright © 2019 LexisNexis. All rights reserved.

**End of Document**